BROWN *v.* BROWN.

[85 South. 180, In Banc. No. 21298.]

DIVORCE. *Supreme court may allow alimony pendente lite on appeal* The supreme court has power to grant alimony *pendente lite* and attorney's fee on appeal to the wife in a suit for divorce and alimony, notwithstanding the appeal was granted by the lower court with *supersedeas.*

APPEAL from the chancery court of Warren county. HON. E. N. THOMAS, Chancellor.

Suit by Mrs. Evie May Brown against Charles H. Brown for divorce and for custody of the child. Decree for complainant awarding alimony and attorney's fees, and defendant was granted an appeal with *supersedeas,* and appellee moved for alimony *pendente lite* and for attorney's fees in the supreme court. Motion granted.

*Anderson, Voller & Kelly,* for motion.

All the law and justice and reason are in favor of this attorney's fees for and pending the litigation of the case demand that she now be paid temporary alimony and in the supreme court. This is exactly what was decided

by the New Jersey court in the case of *Disborough* v. *Disborough,* 28 Atl. 3. This New Jersey court is a strong one, and one to which all the courts of the Union go for safe and sane authority on all questions passed on by it.

It will be noticed also in that New Jersey court that the wife was denied her divorce in the lower court, and had to appeal to the appellant court, but she did what she had a right to do—asked for attorney's fees, temporary alimony and the payment of all expenses necessary to perfect and carry the appeal through. The court decided that she was entitled to these things, the temporary alimony beginning at the time that notice of appeal was given. Counsel say we are asking for alimony from September, 1919, or from the date of the decree. If they will look carefully at our brief they will see that we are asking for alimony only from the time that the *supersedeas* attached, which was November 19, 1919.

We submit, if the court please, that we are clearly within our rights in making the demand that we do. If there was no necessity on the part of appellee for this temporary alimony and attorney's fees we certainly would not be asking for it, because we freely admit that we would not be entitled to it.

*Henry & Canizaro,* against motion.

The case of *Hall* v. *Hall,* 77 Miss. is not in point in this case, either on the question of additional attorney's fee or on question of alimony pending this appeal, for the reason that the appeal in that case was taken from the decision of the court below on an interlocutory decree allowing Mrs. Hall temporary alimony and attorney's fee. It does not appear from the record that Mr. Hall, the appellant, had any property or that Mrs. Hall was given a lien on the property of Mr. Hall, nor does it appear what bond, if any, with *supersedeas* (was required in that case; in other words there appears a necessity for the

allowance in order that the wife might be properly represented, which is not the case here. The case of *Franklin* v. *Franklin*, 109 Miss. 163, is not an authority for the appellee.

The two cases above quoted simply establish the jurisdiction of the appellate court in the exercise of its discretion to make allowance according to the necessities of the wife that she may be properly represented in the appellate court, a proposition which we concede as applying to those cases. The case at the bar in our opinion presents a different question.

In the case of *Porter* v. *Porter*, 41 Miss. 118, it is said that the allowance would be made if it was necessary to enable the wife to prosecute her suit and in determining what was a proper allowance, the court must be informed of the condition and circumstances of the parties and the pecuniary ability of the husband, then the court said: "Such allowance to the extent of the actual wants of the wife unil her suit can be investigated and determined is almost a matter of course." The same view is held by this court in the case of *Parker* v. *Parker*, 71 Miss. 167. The court said though CAMPBELL, Chief Justice: "We find no fault with the allowance by the court for the maintenance of the wife, but it seems to us that the allowance for counsel fees (one hundred and fifty dollars) is exorbitant . . . The allowance for means of defense should be limited by the necessity of the case and the reasonable cost of conducting the case of the wife."

Aside from the request in the petition and motion of appellee for additional attorney fee, appellee in her motion and petition asks for "support money or temporary alimony while the case is pending in" this court, from the time the *supersedeas* of the decree of the lower "court took effect."

The allowance is made by the court, first, in case of necessity upon the part of the wife, and second, the allowance will never be made for past expenses. (19

C. J. 228-229) 6. Discretion of Court. The allowance of suit "money and counsel fees to a wife, and the amount thereof, as in the case of an allowance of temporary alimony, is largely within the discretion of the trial court, to be exercised in view of the conditions and circumstances of the case; and it will not be disturbed on appeal unless this discretion has been abused. Since, however, the object of the allowance is to enable the wife to prosecute or defend the suit, the general rule is that an allowance will not be made to pay expenses which have already been incurred." California: *Newlands* v. *Los Angeles,* County super. Ct., 191 Cal. 741, 154 Pac. 829; Idaho: *Donaldson* v. *Donaldson,* 31 Ida. 180, 180 Pac. 94; Illinois: *Peo* v. *Mehan,* 198 Ill. A. 300; *Lynch* v. *Lynch,* 99 Ill. A. 454; Montana: *Bordeaux* v. *Bordeaux,* 29 Mont. 478, 75 Pac. 359; New York: *Beadleston* v. *Beadleston,* 103 N. Y. 402, 8 N. E. 735; *Cipro* v. *Cipro,* 161 N. Y. S. 408.

Page 230. "On final hearing while some courts allow counsel fees to a wife on her obtaining a decree of divorce, or for separate support, the allowance is refused under statutes which only authorize such allowances to enable the wife to carry on or defend the action, and which are construed not to apply to allowances for expenses which have been already incurred, unless the payment of past expenses is necessary to enable the wife further to prosecute or defend the action."

"(A) Reason for Rule—The purpose of the statute is to further the wife's means to carry on her action or to defend the same during the pendency thereof. The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made or solely to pay expenses already incurred."

(19 C. J. 233-234) 9. Allowance for past services or expenses. . . . "As a general rule no allowance can be had for counsel fees which have been already earned. Likewise, although there is some authority to the con-

trary, and allowance for the payment of past expenses cannot ordinarily be made, except where such payment is necessary to enable the wife further to prosecute or defendant the case. Note 23. *Leak* v. *Leak,* 156 Fed. 474, 84 C. C. A. 284 (Alaska): *Anderson* v. *Steger,* 173 Ill., 113, 50 N. E. 665; *Lynch* v. *Lynch,* 99 Ill. 5; *Winkemeier,* 11 App. Div. 199, 42 N. Y. S. 586; *Cipro* v. *Cipro,* 161 N. Y. S. 408; *Rivers* v. *Rivers,* (Tex. Civ. A.), 133 S. W. 524.

(A) Reason for rule: (1) The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made, or solely to pay expenses already incurred. *Beadleston* v. *Beadleston,* 103 N. Y. 402, 405 8 N. E. 735; (2) "Such an allowance can only be granted as to expenses necessary to be incurred in the future prosecution or defense of the action, and cannot be made for the payment of past expenses except where such payment is necessary to be made in order to enable the wife to further prosecute or defend her case. *Loveren* v. *Loveren,* 100 Cal. 493, 495, 35 Pac. 87.

(B.) Money raised on the wife's own credit, and paid for expenses already incurred, cannot be reimbursed *pendente lite* as money necessary to enable her to prosecute her action. *Loveren* v. *Loveren,* 100 Cal. 493, 35 Pac. 87.

The request of the appellee here is that Mr. Brown be made to pay temporary alimony, beginning September, 1919. The authorities we have just cited are conclusively against that contention and we desire to submit with confidence that this court will not sustain any request of that character. Mrs. Brown has been well provided for; although we have not seen her affidavit, by the voluntary action of her husband, as is shown by his affidavit, he has given her in excess of three hundred dollars since January last and he will undoubtedly continue as long as he can to give Mrs. Brown what he is able for the

benefit of herself and his child, whom he loves very dearly.

Had the appellee in her motion presented a case where it was necessary for this court to grant temporary alimony, then under the authorities above cited the alimony would begin from the time the motion and petition was filed and not for past expenses. She has made no case before this court showing that such necessity exists, she has no expenses to incur in this court, and we respectfully submit that the motion and petition of Mrs. Brown should be denied *in toto*.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, Mrs. Brown, filed a suit for divorce in the chancery court and for custody of her child, and was allowed alimony in the sum of sixty dollars per month and attorney's fees of one hundred and seventy-five dollars. The appellant, feeling aggrieved at the decree, prayed for and was granted an appeal to the supreme court with *supersedeas;* and appellee files her motion in this court for alimony *pendente lite* for support of herself and little child pending this appeal and for attorney's fee in this court. The *supersedeas* was granted September 27, 1919.

The appellee asserts that nothing has been paid her and that she has no property of any kind and is without means of support for herself and child and without funds to employ an attorney unless an order is made in this court allowing attorney's fees and temporary alimony, while appellant says that he has paid her not less than sixty dollars per month and makes a check for fifty dollars payable to appellee and paid by him an exhibit to the affidavit. It appears that the appellant is earning about one hundred and twenty dollars per month and that he has a one-half interest in certain property in Tippah county amounting to five thousand dollars, which is in-

cumbered to the extent of six hundred dollars, leaving
his net interest in said property one thousand nine hun-
dred dollars.

We are of the opinion that alimony *pendente lite* and
an attorney's fee for the appellee in this court is proper,
and that one hundred dollars is a reasonable attorney's
fee, and that sixty dollars per month is a reasonable al-
lowance on the facts in this case for temporary alimony
for the support of the wife and child; this order to relate
back to the date of the *supersedeas* and to be credited
with such amounts as the appellant has paid to the ap-
pellee.

*So ordered.*